# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| | Case No.: SACV 17-00629-CJC(AFMx) |
| **WANDA SMITH,** | |
| **Plaintiff,** | |
| **v.** | **ORDER GRANTING DEFENDANT'S MOTION TO STAY THE CASE** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| **Defendant.** | |

## I.  INTRODUCTION

Plaintiff Wanda Smith filed this putative class action against Defendant Experian Information Solutions, Inc. ("Experian"), on April 6, 2017.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Before the Court is Defendant's motion to stay the case pending

the resolution of the appeal of a related case, *Reyes v. Experian Information Solutions, Inc.*, Case No. 8:16-CV-563-AG-AFM, which is currently before the Ninth Circuit.  For the following reasons, the motion to stay is GRANTED.[1]

## II.  BACKGROUND

The *Reyes* case and the instant case arise out of a similar factual background and are both class actions brought against the same Defendant, Experian.  (Dkt. 1 [Complaint, hereinafter "Compl."]; Dkt. 35 [Request for Judicial Notice, hereinafter "RJN"][2] at Ex. A [hereinafter, "*Reyes* Compl."].)  Experian is a national consumer reporting agency that creates and sells credit reports.  (Compl. ¶ 5.)  As part of its business, Experian sells access to consumers' FICO credit scores, which are generated by the Fair Isaac Corporation and represent the creditworthiness of a consumer.  (*Id*. ¶ 10.)

In 2003, another company, CashCall, Inc. ("CashCall"), became one of Experian's subscribers and in that capacity became a "data furnisher" to Experian and was also able to access consumers' credit reports.  (*Id*. ¶ 12.)  According to Plaintiff, CashCall is a lending company that engaged in a number of nefarious lending practices.  (*Id*. ¶¶ 15–33.)  For example, CashCall purportedly paid federally-regulated banks to make loans on CashCall's behalf so that CashCall could take advantage of federally insured banks' exemption from state usury laws.  (*Id*. ¶ 15.)  CashCall also purportedly partnered with a member of the Cheyenne River Sioux Tribe to form a lending entity, called Western Sky Financial, LLC ("Western Sky"), in order to take advantage of tribal sovereign immunity and evade usury laws.  (*Id*. ¶¶ 20–21.)  According to Plaintiff, since 2009, state and

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 22, 2018, at 1:30 p.m. is hereby vacated and off calendar.

[2]  Defendant's request for judicial notice, (Dkt. 35), is GRANTED.  The documents are matters of public record that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201.

federal regulators have been investigating and imposing sanctions on CashCall and Western Sky for making loans in violation of state licensing laws, usury laws, consumer protection laws, and legal debt collection practices.  (*Id*. ¶ 34.)

Plaintiff further alleges Experian was aware of Western Sky and CashCall's purportedly unlawful conduct.  Western Sky was a client of Experian, and Experian understood the nature of the relationship between Western Sky and CashCall.  (*Id*. ¶¶ 27–29.)  Plaintiff alleges that Experian nevertheless continued to work with both companies and that Western Sky and CashCall generated "millions of dollars for Experian annually" from 2010 to 2013.  (*Id*. ¶ 33.)

Beginning in January 2014, apparently as a result of Experian's internal policy decisions and a settlement agreement between Western Sky and the State of New York, Experian began deleting Western Sky and CashCall loans from borrowers' credit reports.  (*Id*. ¶ 49.)  According to Plaintiff, the deletion process was executed poorly and intentionally prolonged by Experian, and it was not completed until April 2016 or, in some cases, July 2016.  (*Id*. ¶¶ 50–91.)

Plaintiff Wanda Smith alleges that she obtained a Western Sky loan in March 2012 and made payments on the loan through August 2014.  (*Id*. ¶¶ 92–97.)  In August 2014, Plaintiff learned the loan might be unlawful and decided to stop making payments on the loan.  (*Id*. ¶ 97.)  As a result, on April 8, 2015, an Experian credit report for Plaintiff reflected a loan delinquency and negatively impacted her credit.  (*Id*. ¶¶ 98–103.)  Plaintiff claims that the delinquency on her report was inaccurate, that it should have been deleted by Experian, and that Experian is liable under the federal Fair Credit Reporting Act for failing to delete the loan delinquency.  (*Id*. ¶¶ 103–116.)  On April 6, 2017, Plaintiff brought this putative class action on behalf of herself and others whose

Experian consumer reports reflected a delinquency on a Western Sky or CashCall loan on or after January 1, 2015.  (*Id*. ¶ 117.)

Approximately five months before Plaintiff brought the instant action, a related case was brought by Plaintiff Demeta Reyes on November 23, 2016.  (*See generally Reyes* Compl.)  The *Reyes* action arises out of the same background facts relating to Experian, CashCall, and Western Sky.  (*Id*. ¶¶ 1–74.)  Plaintiff Reyes also took out a loan from Western Sky, in November 2012.  (*Id*. ¶ 75.)  Reyes made payments on the loan for approximately four years, until she learned in April 2014 that her loan might be illegal and void.  (*Id*. ¶ 79.)  Reyes alleges that even though the loan was illegal and Experian should have deleted it from her credit report, a December 10, 2015 report reflected a delinquency for her failure to make payments on the loan.  (*Id*. ¶ 87.)  Based on these allegations, Reyes brought a putative class action, alleging a violation of the Fair Credit Reporting Act, on behalf of herself and others whose Experian reports reflected a delinquency on a Western Sky or CashCall loan after December 31, 2014.  (*Id*. ¶ 95.)

On October 13, 2017, the district court in the *Reyes* action granted summary judgment for Experian and entered judgment against Plaintiff.  (RJN at Ex. C.)  The Court held that Reyes' December 10, 2015 credit report was not "inaccurate" within the meaning of the Fair Credit Reporting Act because it was neither patently inaccurate nor misleading.  (*Id*. at 4–7.)  The Court also indicated that the facts do not appear to support any claim that Experian willfully failed to comply with the Fair Credit Reporting Act, because its allegedly unlawful acts were "mere 'mistakes' in the implementation of an internal policy decision."  (*Id*. at 7–8.)  Reyes thereafter appealed the summary judgment order, and the appeal is currently pending before the Ninth Circuit.  (RJN at Ex. D.)

//

//

## III.  ANALYSIS

Experian now requests a stay of the instant case until the Ninth Circuit's appeal of the *Reyes* action is resolved.  Experian argues that the outcome of the appeal will bear on the issues in the instant action.  The Court agrees.

A district court has discretion to stay proceedings.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "In considering whether a stay is appropriate, courts weigh three factors: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (citing *Landis.*, 99 U.S. at 254-55).

The orderly course of justice and the inequities the parties may suffer warrant a stay here.  Because the facts of the *Reyes* case and the instant case are so similar, the Ninth Circuit's decision will be dispositive, or at least instructive, on the two central issues in this case: (1) whether the complained-of credit report was inaccurate under the Fair Credit Reporting Act, and (2) whether Experian's conduct was willful.  It is therefore in the interest of judicial economy to await the Ninth Circuit's decision before proceeding in the instant case.  Without a stay, the parties will be compelled to expend significant resources litigating issues that may have to be revisited after the Ninth Circuit issues its decision.  This risk of inconsistent judgments and duplicative efforts weighs heavily in favor of a stay.

There is no indication that a stay will unduly injure Plaintiff Smith or the putative class members.  According to Plaintiff's own allegations, Experian has now deleted all of

the CashCall and Western Sky loans from consumers' credit reports, and there is no indication of continuing harm or request for injunctive relief.  The stay would therefore only affect the potential timing of an award of monetary relief, which is not a strong concern here, given that the stay is not indefinite, and will be lifted as soon as the Ninth Circuit's decision is issued.  The simple delay of obtaining monetary recovery does not strongly weigh against a stay.  *See Gustavson*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110–12 (9th Cir. 2005).

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's motion to stay proceedings is GRANTED. This case is hereby STAYED pending the Ninth Circuit's resolution of the *Reyes* appeal.

DATED:     January 19, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE